IN THE MATTER OF THE APPLICATION OF CHARLES P. BLANEY FOR ADMISSION TO THE BAR OF FAIRFIELD COUNTY, IN THE STATE OF CONNECTICUT, WITHOUT EXAMINATION.

Superior Court          Fairfield County          File No. 61895

MEMORANDUM FILED JUNE 28, 1941.

*Charles P. Blaney*, pro se.

*Lorin W. Willis*, of Bridgeport, in opposition.

MUNGER, J. Charles P. Blaney, the applicant in this case, is a resident of the Town of Wilton, Fairfield County, in this State, having lived in said town for more than three years prior to this time. He is a member in good standing

of the bar of the State of New York and has practiced law in New York, maintaining an office there for many years.

On September 11, 1940, the petitioner made application for admission without examination to the bar of Fairfield County in this State and duly paid the fee required by the rules of court. His application came before the County Bar Examining Committee on November 1, 1940, and was then fully heard by the committee.

Subsequently, on November 15, 1940, the Examining Committee filed its report upon the application of the petitioner and recommended to the bar of Fairfield County that the application be denied for failure to comply with the rules relating to the admission to the bar without examination.

The bar of Fairfield County at a meeting on said date voted to disapprove the application of the petitioner, and his application was by vote of said bar denied.

The applicant now presents his petition to this court, claiming that the action of the committee on recommendations for admission to the bar and the action of the bar of Fairfield County referred to were unlawful and in denial of his rights, because, it is stated, that the action was taken "arbitrarily and without just cause."

Upon hearing of the instant application there has been presented to the court a transcript of the proceedings before the committee of the bar. There has been no question raised as to the legal ability of the petitioner nor as to his moral qualifications, and there has been no lack of any step prescribed by the laws to be taken as the basis for a recommendation by the bar committee for admission except in one instance. The sole issue is whether or not the petitioner intends to practice law in this State within the meaning of the rule. No other issue has been presented.

At the time when the petitioner filed his application the rules of court relating to the admission of attorneys which were then in force, being the rules as amended to September 1, 1938, provided that a member of the bar of another state might be admitted to the bar of this State without examination upon the fulfillment of the conditions therein prescribed. These rules prescribed that there shall be satisfactory proof "that he intends to practice law in this State", and the rules

further provided that the applicant might be admitted without examination if it also appeared that "at a meeting of the bar of the county it was voted to approve his application."

In view of this precise and clear language, it does not seem possible to hold that this court has any power to admit the applicant to practice unless the bar of the county has voted as the rules provide to approve his application. If such approval has been withheld, a condition precedent to the admission of the applicant has not been established.

The applicant, however, has claimed in this petition that any action of the bar in disapproving his application was arbitrary and unreasonable and that it has been based upon action of such a character by the examining committee, and the court has inquired into the facts.

The applicant states that he has demonstrated, in full satisfaction of the rule, that he intends to practice law in this State. It appears from the transcript of the proceedings before the committee that he has no office in this State and has made no plans for opening an office here. His office and his practice are to continue as now, and as for a long time they have continued, in New York City. The petitioner stated that the prime motive in making this application was a desire to prosecute a large accident case which he wished to try here this winter. He has made no professional plans for the practice of law in Connecticut at the present time, and the following took place before the committee:

"Q—You cannot tell us with any degree of assurance, how much time, if any, you would devote to your Connecticut practice?

"A—As it is now, a very small amount at the present time. I hope to have more.

"Q—Your practice in Connecticut would be subordinate to your practice and your office in New York?

"A—It would depend upon the size of the cases. For instance, in this automobile case I might be up here for a week.

"Q—And when this was all over you would give your full time to your New York cases?

"A—I would if I needed to.

"Q—When this case terminated you would return to your New York office?

"A—After I got through. My idea is that I am not going to neglect either side. If I am admitted here I am going to keep up my practice in both places as much as I can."

It did not appear that the petitioner had any present practice in this State except his connection with the accident case herein referred to. A fair and reasonable construction must, of course, be given to the language of the rule requiring that the petitioner intends to practice law in this State, and in my opinion such a construction has been given to this language. I think it means that the petitioner must be required to show that he intends to be settled or established in Connecticut as a practitioner of law, holding himself out to the patronage of clients. It might perhaps be possible that this could be done in such a way that he would not need to have an actual office of his own. This might be accomplished by means of his settled connection with some firm or attorney actually established here in Connecticut. But the only fair and reasonable construction of the language is that there should be some settled status as a practitioner here.

The rule relating to the admission of attorneys of other states without examination was amended on October 28, 1940, the amendment to take effect February 1, 1940. This amendment therefore was made after the application of the petitioner was filed. In this amendment the language of the original rule was changed so that the petitioner for admission was required to show that he "intends that the major portion of his time devoted to the practice of law shall be expended in the State of Connecticut." In my opinion this change did not add anything to the rule in force up to the time of the amendment which required a petitioner to establish the fact that he intends to practice law in this State, but the language of the amendment is to be taken as a clarification of the other rule, an interpretation of it or expression of the meaning intended to be conveyed by it. In other words, it would seem that a reasonable interpretation of the rule as it was in force before this amendment is that the applicant must show facts which furnish the foundation for a finding that he does intend to give a substantial portion of his time as a settled and established lawyer in Connecticut to his practice here. I cannot find that the committee acted in a manner that was arbitrary

or unfair or that its action was unreasonable or based upon any ill will toward the petitioner, nor can I find that the action of the bar in voting to accept the report of the committee and disapprove the petition was arbitrary or unfair.

The petitioner has alleged that the action of the committee and the bar was of this character, and it is incumbent upon him to show to the court that this was a fact. In other words, I think the burden of establishing the allegations of the petition is upon the petitioner, and certainly he has wholly failed to establish anything of this kind. Indeed, there isn't a suggestion of anything which could be considered arbitrary or unfair on the part either of the bar commmittee or of the bar itself in its vote upon the recommendation of the committee.

The petitioner has no right of property involved. "Nor did the refusal to admit the petitioner to an examination take from him, by authority of the State, either liberty or property. The inalienable right of every American citizen to follow any of the common industrial occupations of life does not extend to the pursuit of professions or vocations of such a nature as to require peculiar skill or supervision for the public welfare. .... To disbar an attorney is to deprive him of what, within the meaning of our constitutions of government, may fairly be regarded as property.... But one who asks the privilege of admission to the bar is simply seeking to obtain a right of property which he has not got." *O'Brien's Petition,* 79 Conn. 46, 55.

The application in this case has been heard upon the assumption that it is proper for the court to inquire into the allegations of the petition that the petitioner has been denied admission to the bar by reason of action of the bar committee and the bar itself which was arbitrary and unfair. It can only be repeated that the petitioner has failed to establish his allegations. The prayer of the petitioner that he be admitted to the bar of the State of Connecticut and of Fairfield County must be denied.